■  BERNARD HASKINS, Appellant, v. CITY OF NEW YORK, Defendant-Respondent and Third-Party Plaintiff. ROCKAWAY BOULEVARD WRECKING & LUMBER CO., INC., Third-Party Defendant.—

Concur — Capozzoli, Rabin and McGivern, JJ.; Steuer, J. P., and Tilzer, J., dissent and vote to affirm in the following memorandum:

Steuer, J. P. (dissenting). I would affirm. Plaintiff went to trial in this action for personal injuries on a complaint which alleged that defendant city was the owner of a building located at 111 Water Street. Plaintiff was an employee of the demolition contractor. Plaintiff's bill of particulars sets forth as a statement of the acts constituting defendant's negligence that there had been a fire in the building as a consequence of which a beam, on which plaintiff was standing, was so weakened that it collapsed, and that defendant knew or should have known of the condition and failed to give plaintiff warning. "Hence plaintiff was invited into a position of great danger in violation of the Labor Law of the State of New York including Section 200 and Section 240 of the Labor Law and the other pertinent provisions", etc. Later plaintiff sought leave to serve two supplemental bills. Special Term granted a limited permission to assert other statutory provisions or administrative regulations which plaintiff claimed governed the facts already stated but not otherwise. Therefore, the situation was that plaintiff was entitled to prove the weakness of the beam, the defendant's knowledge thereof and its failure to give him warning, and also (which permission he did not need) to refer to the statutes set out to define the duty of the defendant in regard to these facts. On the trial plaintiff proceeded on an entirely different theory. He claimed that a certain stair well was not planked over as required by statute and he was injured by falling through it. When he offered evidence in support of this theory, the defendant made proper objection. The court nevertheless took the testimony. The court dismissed the complaint. It was error to receive the testimony as it was not material under the complaint as limited by the bill of particulars. Without the testimony, there was no case made out. In view of the dismissal, the error was immaterial. As I understand the position of the majority, despite the fact that the testimony was improperly received and that no motion was made to conform the pleadings to the proof, as long

as it was received it should be given effect. Unless one regards pleadings as a nonbinding technicality, justification of that position is not without some difficulty. But even adopting that position, I fail to see a case. Three sections of the Labor Law are significant as dealing with the protection of workmen in buildings under construction or demolition in respect to the coverage to be supplied by planking over open spaces. These are sections 240, 241 and 241-a. They differ as to on whom the duty to provide the protection is placed. Section 240 puts it on the person employing or directing another to perform the work, the common-law rule (*Davis* v. *Caristo Constr. Corp.*, 13 A D 2d 382). Section 241 places it on the owners, contractors and subcontractors. Section 241-a does not say on whom it rests. Section 241-a is the specific section in question here, having to do with shaftways, hatchways and stair wells. It should be noted that section 241-a is not a subdivision of section 241, it being so numbered only as a convenient method of inserting the statute into the general law without disturbing the existing numeration of sections. There is absolutely no reason to believe that the Legislature believed the persons to be held responsible should be those enumerated in section 241 rather than those set out in section 240. Here the facts of the case amply demonstrate the essential fairness of the common-law rule. The city employed a contractor to conduct the demolition. Beyond an inspection to see that the exterior of the building was not rendered dangerous to passersby on the public street the city did nothing. The staircase was taken out of the well through which plaintiff fell by the contractor in the course of his work. He directed the plaintiff and all others who might be in the vicinity. It would be his duty to provide for their safety. To impose that duty on the city as owner would require it in effect to maintain constant watch over the contractor and, furthermore, to perform any duty that he neglected to carry out himself. Such a burden should not be imposed without strict legislative direction.