ANTHONY BALDINE et al., Appellants, v JOHN P. GOMULKA, as Mayor of the City of Amsterdam, et al., Respondents.

Third Department, March 2, 1978

APPEARANCES OF COUNSEL

*Grasso & Grasso (Harvey B. Diamond* of counsel), for appellants.

*Joseph Jacobs, Corporation Counsel,* for respondents.

*Lombardi, Reinhard & Walsh, P. C. (Richard P. Walsh, Jr.,* and *James Paul Clough* of counsel), for New York State Professional Fire Fighters Association, Inc., *amicus curiae.*

## OPINION OF THE COURT

SWEENEY, J. P.

Plaintiffs are firefighters who were employed by the Fire Department of the City of Amsterdam during the calendar year 1974. Defendants are the officers of the city responsible for the operation of the department. There is no factual dispute. The parties have stipulated that the sole question for decision is the proper interpretation of section 2 of chapter 1011 of the Laws of 1968, as amended by chapter 952 of the Laws of 1970 as to the method of computing the maximum

number of hours a firefighter is annually permitted to work prior to being eligible for overtime compensation.

The pertinent part of the statute reads as follows: "Notwithstanding any contrary provisions of any general, special or local law, or of any city charter or ordinance, on and after January first, nineteen hundred seventy-four; no fireman shall be required to work more than an average of forty hours per week, computed during the current fiscal year of the city, town, village or fire district by which such fireman is employed."

Defendants maintain that the maximum hours of work permitted in any one year under the statute can be computed simply by multiplying 40 hours per week times 52 weeks, thus requiring a firefighter to work 2,080 hours before becoming eligible for overtime compensation. Plaintiffs, on the other hand, maintain that the statute must be construed together with statutes providing firefighers with paid holidays, vacation time and sick leave, so that the maximum average of 40 hours per week is calculated by excluding periods of paid time off. Thus, if a firefighter is entitled to three weeks' paid vacation, the maximum hours to be worked in the remainder of that year would be 40 hours times 49 weeks, or a total of 1,960 hours. Special Term agreed with defendants and this appeal ensued.

An examination of the history of the instant statute and its predecessors reveals that they were enacted to bring the hours worked and benefits received by firefighters in line with other public employees. To achieve this desired result it was necessary to make allowances for the unique working hours demanded of firefighters. Since the various municipalities required around the clock fire protection, the firefighters of necessity worked more than the traditional eight-hour shift and in many cases firefighters worked 24-hour shifts. Therefore, provisions were made in this series of statutes to accommodate the longer continuous hours of work by firefighters with the mandated maximum hours permitted. The instant statute restricted the maximum hours a firefighter was "required to work" to no more than an average of 40 per week during the current fiscal year. Consequently, on an annual basis, if properly planned, it could be arranged so that at the end of the year no firefighter worked more than an average of 40 hours per week.

■ Our primary concern is to ascertain and give effect to

the over-all intent and purpose of the Legislature *(Patrolmen's Benevolent Assn. of City of N. Y. v City of New York,* 41 NY2d 205, 208). We should not allow the literal meanings of words to defeat the general purpose and manifest policy intended to be promoted *(Matter of Petterson v Daystrom Corp.,* 17 NY2d 32, 38). It is significant that the Legislature has also enacted related statutes providing benefits for firefighters. By statute it is provided that after one year of service, firemen are entitled to 14 consecutive days paid vacation, and after five years, 21 days (L 1938, ch 648, as amd by L 1957, ch 413). In addition, firemen are entitled to eight paid holidays a year (L 1968, ch 1011, as amd by L 1969, ch 959) and veterans to two additional holidays per year (Public Officers Law, § 63).

■ Since these various statutes pertain to the same subject, they are said to be *in pari materia* and are to be construed together (McKinney's Cons Laws of NY, Book 1, Statutes, § 221; see *Haskins v City of New York,* 28 AD2d 656) and applied harmoniously and consistently *(Matter of Inter-County Tit. Guar. & Mtge. Co. v State Tax Comm.,* 33 AD2d 251, affd 28 NY2d 179). Applying this salutary principle of construction, together with the court's over-all concern to ascertain the intent of the Legislature, we are of the view that we must reject defendants' proposed construction. Such a literal construction of the language of the instant statute would frustrate the clear intent and purpose of the Legislature and thereby substantially deprive plaintiffs of the benefits mandated by chapter 413 of the Laws of 1957 and chapter 959 of the Laws of 1969 and section 63 of the Public Officers Law. Such a construction, we believe, is untenable and one we are not prepared to follow.

■ In a 1957 opinion of the Attorney-General, it was determined that the words "required to work", found in the original enactment of the statute in question, referred to required working time exclusive of authorized vacation time (1957 Opns Atty Gen 305). Our conclusion, we believe, is bolstered by the fact that that opinion was included in the Governor's Bill Jacket for chapter 333 of the Laws of 1958, which amended the statute to clarify its application to fire districts. We can reasonably deduce from such circumstances that the Legislature acquiesced in this interpretation of the statute. The judgment, therefore, must be reversed and a declaratory judgment granted in favor of plaintiffs to provide that the

maximum average hours per week for firefighters pursuant to this statute shall be computed exclusive of authorized vacation, holiday, sick leave and other paid time off.

The judgment should be reversed, on the law, without costs, and judgment directed to be entered in favor of plaintiffs declaring that the maximum average hours per week for firemen pursuant to chapter 952 of the Laws of 1970 shall be computed exclusive of authorized vacation, holiday, sick leave and other paid time off.

KANE, STALEY, JR., LARKIN and HERLIHY, JJ., concur.

Judgment reversed, on the law, without costs, and judgment directed to be entered in favor of plaintiffs declaring that the maximum average hours per week for firemen pursuant to chapter 952 of the Laws of 1970 shall be computed exclusive of authorized vacation, holiday, sick leave, and other paid time off.