■ In the Matter of GEORGE R. SCHRIRO et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v NEW YORK STATE TEACHERS' RETIREMENT BOARD et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered June 10, 1977 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking to compel respondents to accept petitioners' applications for certain military service retirement credit. The facts are not in dispute. The narrow issue presented for our determination is whether petitioners, who originally joined the retirement system prior to July 1, 1973, but withdrew and later rejoined the system in 1975 are entitled to the benefits provided for in subdivision 10 of section 503 of the Education Law. Special Term held that they were not and dismissed their petition. This appeal ensued. Subdivision 10 of section 503 of the Education Law, added by chapter 512 of the Laws of 1976, provides that teachers who joined the retirement system prior to July 1, 1973 may purchase retirement credit for certain World War II military service. By chapter 382 of the Laws of 1973, article 11 of the Retirement and Social Security Law was enacted. Contained in article 11 is subdivision a of section 440 which provides in pertinent part: "Notwithstanding any other provision of law, the provisions and limitations of this article shall apply, as may be appropriate, to all members who join or rejoin a public retirement system of the state or of a municipality thereof * * * on or after [July 1, 1973], but prior to [July 1, 1976]. In the event that there is a conflict between the provisions of this article and the provisions of any other law or code, the provisions of this article shall govern." Subdivision d of section 446, which is also contained in article 11, provides, insofar as is relevant herein: "A member of a retirement system who is subject to the provisions of this article shall not be

eligible to obtain credit for service with a public employer other than the state of New York, a political subdivision thereof, a public benefit corporation, or a participating employer; provided, however, military service with the federal government may be credited pursuant to section two hundred forty-three of the military law". Thus, subdivision d of section 446 limits the military service credit to that allowable pursuant to section 243 of the Military Law while the credit contained in subdivision 10 of section 503 of the Education Law is expressly in addition to the credit allowable pursuant to section 243 of the Military Law. It is respondents' position that subdivision a of section 440 of the Retirement and Social Security Law controls and precludes petitioners from receiving the credit provided in subdivision 10 of section 503. To resolve this controversy we must ascertain and give effect to the over-all intention of the Legislature *(Patrolmen's Benevolent Assn. of City of N. Y. v City of New York,* 41 NY2d 205). Since the Legislature has enacted more than one related statute dealing with retirement benefits, they are said to be *in pari materia* and we must construe them together (McKinney's Cons Laws of NY, Book 1, Statutes, § 221; see *Baldine v Gomulka,* 61 AD2d 419). Furthermore, the statutes must be applied harmoniously and consistently *(Matter of Guardian Life Ins. Co. of Amer. v Chapman,* 302 NY 226). If the interpretation given these statutes by the New York State Teachers' Retirement System is not irrational or unreasonable, it should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434). A fair reading of the statutes in question compels us to conclude that Special Term properly dismissed the petition. This conclusion is bolstered by the fact that section 440 of the Retirement and Social Security Law was amended in 1976 by the same Legislature that enacted subdivision 10 of section 503 of the Education Law. It must be presumed that the two statutes were intended by that body to be compatible. It is also significant that subdivision 10 of section 503 refers to members who *joined* the retirement system prior to July 1, 1973, whereas article 11 refers to those who *joined* or *rejoined* on or after July 1, 1973, but prior to July 1, 1976 and specifically provides that in case of conflict "the provisions of this article shall govern" (Retirement and Social Security Law, § 440, subd a). The Legislature, in our view, clearly intended article 11 to predominate and, pursuant to that article, petitioners are not eligible to purchase military service credit pursuant to subdivision 10 of section 503 of the Education Law. The judgment, therefore, must be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.