■ In the Matter of RIVA D. SHERMAN, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered June 20, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78 to direct respondents to pay a death benefit pursuant to section 512 (subd b, par 2) of the Education Law. Judith R. Sherman, employed as a teacher by the Board of Education of the City of New Rochelle, New York, became a member of the New York State Teachers' Retirement System on September 10, 1959. Effective November 5, 1975, the board of education granted Sherman a parental leave of absence without pay until June 30, 1976, and later approved her request for an extension of the leave until June 30, 1977. In April of 1977 Sherman advised the board that she planned to return from the parental leave for the ensuing school year 1977-1978. The board adopted a resolution on July

5, 1977, effective July 1, 1977, setting the 1977-1978 salaries for certificated instructional and noninstructional personnel. Attached to the resolution was a salary schedule which included the name of Sherman and her proposed salary for the 1977-1978 school year. Sherman died on August 2, 1977. The respondent retirement system advised petitioner, Sherman's mother, that she had been designated as beneficiary to receive benefits payable in the event that Sherman died prior to retirement. The retirement system forwarded to petitioner a check covering Sherman's accumulated contributions, with interest thereon, but advised her that a death benefit was not payable as a result of Sherman's death. Petitioner then commenced this proceeding to direct respondents to pay her a death benefit pursuant to section 512 of the Education Law. Special Term dismissed the petition. The order should be affirmed. Section 512 (subd b, par 2) of the Education Law states that in addition to the return of accumulated contributions, a death benefit is payable where a member dies before the effective date of his retirement, provided that he "was in service upon which his membership was based when he died or was on the payroll in such service and paid within a period of twelve months prior to his death". Sherman was not on the payroll within a period of 12 months prior to her death, and thus the question is whether she was "in service" at the time she died. Subdivision 19 of section 501 defines "service" to mean "actual teaching or supervision by the teacher during regular school hours of the day". The interpretation given section 512 (subd b, par 2) and subdivision 19 of section 501 by respondent, which is the agency responsible for their administration, is not irrational or unreasonable and, therefore, should be upheld (see *Matter of Howard v Wyman,* 28 NY2d 434, 438). The statutory language is clear and unambiguous and provides a rational basis for the determination herein. Further, we agree with Special Term that including Sherman's name on the salary schedule for the 1977-1978 school year did not render her "in service" so as to entitle her designated beneficiary to claim a death benefit. Under subdivision 19 of section 501, a teacher is in service only when actually teaching or supervising during regular school hours. Respondent's application of the statute is consistent with its plain language, and in view of the limited scope of this court's review, we may not disturb it. Petitioner contends that the construction given sections 512 and 501 is arbitrary, since it would cause a teacher to lose a death benefit where he or she fortuitously dies during the summer vacation period. This, however, ignores the plain language of section 512 (subd b, par 2) which authorizes payment of death benefits where a teacher, although not in service, was on the payroll and paid within a period of 12 months prior to his death. We have examined petitioner's other contentions and find them unpersuasive. Judgment affirmed, without costs. Greenblott, J. P., Sweeney and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum; Main, J., not taking part. Mikoll, J. (dissenting). I respectfully dissent. Petitioner is the designated beneficiary of decedent's death benefit payable under section 512 (subd b, par 2) of the Education Law. Decedent had been a full-time teacher since September 10, 1955, employed by the Board of Education of the City of New Rochelle. She was granted a year's leave of absence without pay from November 5, 1975 to June 30, 1976, to care for her adopted child. This leave was extended to June 30, 1977. In April, 1977, decedent advised the board that she intended to return to work during the 1977-1978 school year. Her leave of absence was terminated, effective June 30, 1977, and her name was included in the salary schedule adopted by the board for 1977-1978 season. Decedent died on August 2, 1977. Respondents

paid to petitioner decedent's accumulated contributions in her retirement account, but declined to pay death benefits to petitioner on the ground that decedent was not "in service" as defined in subdivision 19 of section 501 of the Education Law. Special Term affirmed the determination. Section 512 (subd b, par 2) provides, in pertinent part, that "a death benefit * * * shall be payable upon the death of a member who dies before the effective date of his retirement, and was in service upon which his membership was based when he died". Subdivision 19 of section 501 of the Education Law defines service as "actual teaching or supervision by the teacher during regular school hours of the day". A literal reading of the statutes would indicate that a death benefit is only available to those who die while teaching in the classroom. Neither party suggests that the statute should be so narrowly restricted. The respondent asserts that "in service" means during the school year, when daily teaching occurs, and during earned vacation time. Petitioner suggests that "in service" includes a teacher who will actually teach when school is in session. I note that the predecessor section of subdivision 19 of section 501 first appeared in 1927 (L 1927, ch 704, § 1), while section 512 (subd b, par 2) appeared in 1954 (L 1954, ch 641, § 1). The interaction of the two sections, if read literally, would destroy the intended effect of the death benefit statute. The results would be grossly unjust. The definition of the term "in service" contained in subdivision 19 of section 501 is not what the use of the term in section 512 (subd b, par 2) was meant to cover. It is obvious that the legislative intent of section 512 was to protect teachers who have given meritorious service and who have not abandoned their career. The interpretation urged by respondent is not in conformity with its own published interpretation of "in service". The system has said that death benefits are payable if the decedent is in the employ of the school district. The statute envisions two classes of beneficiaries of the death benefit: the first includes a member who dies before the effective date of retirement, and was in service upon which his membership was based when death occurs; the second includes a member who dies before the effective date of retirement and was on the payroll in such service and paid within a period of 12 months prior to his death and was not otherwise gainfully employed since he ceased to be on such payroll. Claimant obviously does not fall within the second group. The issue is whether she falls within the first group of beneficiaries. We note that subdivision 15 of section 2 of the Education Law defines the term "school year" as commencing on the first day of July in each year and ending on the thirtieth day of June next following. In view of this definition, I cannot accept respondent's proposition that a teacher's service starts in September and, therefore, "in service" is considered to continue during vacation time because this was earned by the teacher. Such argument, in fact, lends credence to petitioner's contention that "in service" includes time when a teacher need not be actually teaching to be considered "in service". The parental leave granted to petitioner's decedent was in conformity with the contract extant between the school board and the United Teachers of New Rochelle. Two leaves of absence without pay were granted to her, the last of which terminated June 30, 1977. Section 5 of article 10 of the agreement provided: "A parental leave of absence without pay shall be granted upon request to any teacher who bears, adopts or assumes legal responsibility for a child. Wherever possible, a request for parental leave should be made at least three months before the beginning of the leave. Such a leave shall be granted for the full semester (the semester of birth or semester of adoption) during which a child is expected to be born or adopted to a teacher (or the teacher's spouse) and in addition, either for

the semester before the semester of birth or adoption or the semester after the semester of birth or adoption within the same school year. (In the application of the terms of this paragraph only the months of July and August shall be considered part of the fall semester.) Such leave shall be granted for an .additional school year, and may be extended for another school year, upon application to the Superintendent and approval by the Board of Education. Parental leave shall be available to only one of the parents in the event both are employed simultaneously by the District." Pursuant to this agreement, parental leave terminates unless otherwise renewed at the end of the semester or the school year. In recognition of decedent's active employment status as a full-time teacher, her employer resumed payment of her hospitalization and medical coverage as of July 1, along with that of all other active teachers. Such coverage was not provided to her while she was on leave of absence. Decedent's active teaching status or "in service" status as of July 1 is not rationally distinguishable from that of teachers who die during the summer months between teaching semesters. Furthermore, by affirmative acts, the school district placed the decedent in service. This status was as much an earned benefit of previous employment as nonteaching summer vacation or time off. In April, 1977, petitioner's decedent notified the school district that she was returning to service. Consequently, when the new year commenced on July 1, 1977, petitioner's decedent had returned to service. It is obvious from the actions of the school board in passing Resolutions Nos. 76-120 and 76-287, which granted two one-year leaves of absence, and Resolution No. 78-3, which set the salary for decedent and other teachers of the district, effective July 1, 1977, that decedent was considered back in service. This was in conformity with the Education Law and the contract conditions of the New Rochelle School District. Only the fortuitous circumstance that her restoration to service occurred during the summer prevented her from teaching. I do not believe that the interpretation given by respondent to the term "in service" is rational and reasonable. It violates the legislative intent. The statute intended to confer benefits on teachers who continue in their profession and render valued service. It should, therefore, be liberally construed to benefit those intended to be protected. The judgment should be reversed.