Martin A. Shapiro, Esq. Ithaca City Attorney
You have asked whether the Fire Chief, Deputy Fire Chief, and Assistant Fire Chiefs of your city's fire department are firemen for purposes of section 1015 of the Unconsolidated Laws. That section prohibits firemen from being required to work more than an average of 40 hours a week over a fiscal year. You have stated that, for purposes of labor relations, these officers have been determined to be managerial.
Section 1015 defines "fireman" as "a uniformed member of a fire department which has five or more paid members who have been duly appointed from an appropriate civil service list." The only word that offers a basis for distinguishing between regular firemen and the highest officers of a fire department is "uniformed." These latter officers are "uniformed" in the sense that they have uniforms that are worn on formal occasions but they are not "uniformed" in the sense that their regular day-to-day work is the same as a regular uniformed fireman. Much of their work is office and related work, all in furtherance of firefighting but not in the actual fighting of fires. Thus, it is reasonable to read section 1015 as excluding top-ranking officers who are managerial.
This reading is supported by the analysis of the purpose of the section as set forth in Baldine v Gomulka, 61 A.D.2d 419, 421 (3d Dept, 1978):
 "An examination of the history of the instant statute and its predecessors reveals that they were enacted to bring the hours worked and benefits received by firefighters in line with other public employees. To achieve this desired result it was necessary to make allowances for the unique working hours demanded of firefighters. Since the various municipalities required around the clock fire protection, the firefighters of necessity worked more than the traditional eight-hour shift and in many cases firefighters worked 24-hour shifts. Therefore, provisions were made in this series of statutes to accommodate the longer continuous hours of work by firefighters with the mandated maximum hours permitted."
Clearly, the top-ranking officers of a fire department were not among those firefighters who worked 24-hour shifts and thus were not among those for whom the statute was designed.
We conclude that top-ranking officers of a paid fire department who are properly classified as managerial are not firemen whose hours of work may not average more than 40 hours a week over a fiscal year.