# In the Matter of EDNA M. KELLY, Respondent, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant.

Third Department, June 12, 1980

---

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (George A. Barron, Joseph J. Micare, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for appellant.

*Thaddeus S. Gorycki (Stephen J. Masse* and *Francis J. Murphy* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J.

Decedent had been a teacher at the Deer Park Union Free School District and a member of the respondent system. On September 24, 1976, he was granted sick leave status. Subsequently, his previously earned sick leave ran out and he applied to "borrow" and was granted 59 additional days which would terminate on May 20, 1977. On April 21, 1977 he died from causes unrelated to the source of his sick leave. Decedent had signed an agreement to reimburse the school district if he left the district still owing any borrowed sick days.

The union contract with the district provided that the earned sick days of each succeeding year which had not been used that year would be used to offset the days borrowed. Only teachers who left the district still owing borrowed days were required to reimburse the school district for those days.

Respondent denied the death benefit to petitioner on the ground that the money decedent received while on borrowed sick leave did not constitute salary earned, and concluded decedent was not in service and paid within the statutory period as required by section 512 (subd b, par 2) of the Education Law. This section provides that if a member of the respondent system dies before retiring, his designated beneficiary is entitled to a death benefit if the member "was in service upon which his membership was based when he died or was on the payroll in such service and paid within a period of twelve months prior to his death".

Petitioner commenced this proceeding pursuant to CPLR article 78 to compel payment of the death benefit. Special Term ruled that the decedent was on the payroll in service and paid while on borrowed sick time and awarded the death benefit since decedent was on borrowed sick time within the statutory 12-month period.

The judgment should be affirmed. It is uncontroverted that the decedent was receiving checks as salary within the statutory period. Respondent's finding that the payments did not constitute "leave of absence with pay" is irrational and unreasonable, and such interpretation by respondent need not be accepted by this court *(Matter of Howard v Wyman,* 28 NY2d

434). Borrowed sick leave is just another benefit available to teachers with more than three years service. The provision for repayment does not change the nature of sick leave into something else. There is no real difference between "borrowed" sick time and previously earned sick time.

In light of respondent's own regulations, all leaves of absence with pay are considered service; the only variable in the regulations is the amount of credit received for a leave (see 21 NYCRR 5001.3 [a], which grants service credit for leaves of absence with pay at the rate most beneficial to the teacher). Taking section 512 (subd b, par 2), which speaks in terms of being "on the payroll in such service and paid," and subdivision 19 of section 501 which refers to "leave of absence with pay" as service, it becomes apparent that a teacher on leave of absence is in service if paid, and if that payment is made within the statutory period, as here, then the requirements of section 512 (subd b, par 2) are met.

Moreover, even assuming that not all paid leave is "service", this court has stated that "the plain language of section 512 (subd b, par 2) * * * authorizes payment of death benefits where a teacher, although not in service, was on the payroll and paid within a period of 12 months prior to his death" (*Matter of Sherman v New York State Teachers' Retirement System,* 71 AD2d 740, 741).

The judgment should be affirmed, with costs.

GREENBLOTT, J. P., STALEY, JR., MAIN and HERLIHY, JJ., concur.

Judgment affirmed, with costs.