In the Matter of MERTON L. REICHLER et al., Respondents, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant.

Third Department, March 5, 1981

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Lew A. Millenbach, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for appellant.

*Frederick Block* for respondents.

OPINION OF THE COURT

CASEY, J.

Article 11 of the Retirement and Social Security Law, enacted in 1973, established a new framework for determining the eligibility of and the amount of benefits for those who became members of a public retirement system,

including the New York State Teachers' Retirement System, on or after July 1, 1973 but prior to July 1, 1976. Those who joined the Teachers' Retirement System (system) prior to July 1, 1973 are governed by the more generous provisions of article 11 of the Education Law, while those who join a public retirement system on or after July 1, 1976 are governed by article 14 of the Retirement and Social Security Law. These three classifications are labeled Tier I, Tier II and Tier III, in chronological order.

The decedent, Marilyn Reichler, was employed as a full-time para-professional librarian with the Three Village Central School District on September 1, 1973, and thereupon became a member of Tier II of the system. From January, 1976 through June, 1976 decedent was on paid sick leave as the result of a malignant brain tumor. Thereafter, until her death on October 22, 1977, decedent was granted a leave of absence without pay due to her illness. According to the principal, decedent remained on the payroll without being paid. Petitioners' application for a death benefit was denied by the system upon the ground that the requirements of article 11 of the Retirement and Social Security Law were not met. Petitioners commenced an action in Supreme Court, Suffolk County, seeking a declaratory judgment construing the statutory provisions so as to entitle them to a death benefit or declaring the statute unconstitutional. The action was converted to a CPLR article 78 proceeding and transferred to Albany County, where Special Term directed the system to pay the death benefit. This appeal ensued.

As a member of Tier II, a death benefit was payable upon decedent's death if she died while "in service" (Retirement and Social Security Law, § 448). The statute does not define the term "in service", but the system argues that the definition of the word "service" contained in subdivision 19 of section 501 of the Education Law, applicable to Tier I members, must be used since article 11 of the Retirement and Social Security Law was intended simply as a limitation on the benefits ordinarily available under Tier I and, thus, must be "superimposed" on the provisions of the statutes creating the Tier I level. Citing *Matter of Sherman v New York State Teachers' Retirement System* (71 AD2d

740, affd 50 NY2d 980), the system concludes that decedent was not "in service" when she died.

While we agree that *Sherman (supra)* would require such a conclusion if the definition of "service" contained in the Education Law is applicable to Tier II members, we conclude that the Legislature did not intend such a carryover. Initially, we note that had decedent been a Tier I member, petitioners would have been entitled to a death benefit. Section 512 (subd b, par 2) of the Education Law provides for a death benefit upon the death of a member in service *or* a member who meets certain conditions. While decedent was not in service at the time of her death, within the meaning of the Tier I statute, since she was not actually teaching or supervising or on a paid leave of absence (Education Law, § 501, subd 19), she did meet one of the conditions of section 512 (subd b, par 2) since she was on an unpaid leave of absence due to her physical incapacitation for the performance of duty and had not been otherwise gainfully employed. By comparison, as a member of Tier II, a death benefit was payable upon decedent's death *only* if she was "in service" when she died; there are no additional qualifying conditions (Retirement and Social Security Law, § 448, subd a). In our view, this legislative alteration in the qualification for death benefits manifests an intention on the part of the Legislature that the term "in service", as used in the Tier II death benefit statute, have a different meaning than the term used in the Tier I death benefit statute, and the system's selective application of the definition of "service" in subdivision 19 of section 501 of the Education Law to Tier II members is unreasonable. This conclusion is supported by the fact that a Tier II member who dies while off the payroll shall be considered to be "in service" provided he or she was on the payroll and paid within 12 months of the date of death, has not been gainfully employed thereafter and has one or more years of service since entering or re-entering the system (Retirement and Social Security Law, § 448, subd e, par 1). Thus, the Legislature has expressly made the term "in service" more expansive for Tier II members than for Tier I members*.

---

* A Tier I member who met these conditions would also have a death benefit

We have previously explained that "[s]ince the Legislature has enacted more than one related statute dealing with retirement benefits, they are said to be in pari materia and we must construe them together * * * [and they] must be applied harmoniously and consistently * * * [citation omitted]" (Matter of Schriro v New York State Teachers' Retirement Bd., 63 AD2d 751, 752). As noted above, the Legislature clearly intended a more expansive meaning of the term "in service" as used in article 11 of the Retirement and Social Security Law than as that term is applied to Tier I members. Unfortunately, article 11 does not provide a complete, self-contained definition of "in service". Article 11, however, was the first step of "an historic pension reform program" (NY Legis Ann, 1973, pp 302, 303). This reform was completed by the enactment of article 14 of the Retirement and Social Security Law (L 1976, ch 890). Like article 11 of the Retirement and Social Security Law, but unlike article 11 of the Education Law, article 14 provides for a death benefit only upon the death of a member "in service" (Retirement and Social Security Law, § 508, subd a). "In service" is defined broadly as on the payroll, whether paid or not, and off the payroll if certain conditions are met (Retirement and Social Security Law, § 501, subd 14), a definition that decedent would have met had she been a Tier III member. Thus, we are confronted with a situation where members on an unpaid leave of absence due to a physical disability meet the requirement for a death benefit under the express provisions of either the Tier I or Tier III statutes, and while the Tier II statute applicable to decedent is unclear, there is no evidence of any legislative intent to carve out an exception for similarly situated Tier II members. Under these circumstances, and in light of the foregoing analysis, we conclude that any interpretation of article 11 of the Retirement and Social Security Law that results in finding decedent not "in service" within the meaning of subdivision a of section 448 of the law is unreasonable. Accordingly, the determination denying petitioners' application for a death benefit on the ground that decedent did

---

payable upon his or her death, not because he or she was in service, but rather because of the express provision therefor in section 512 (subd b, par 2) of the Education Law.

not meet the requirements of article 11 of the Retirement and Social Security Law is arbitrary and capricious, and the judgment of Special Term directing that the death benefit be paid should be affirmed. Having so concluded, we need not reach petitioners' equal protection argument.

The judgment should be affirmed, without costs.

SWEENEY, J. P., YESAWICH, JR., WEISS and HERLIHY, JJ., concur.

Judgment affirmed, without costs.