OPINION OF THE COURT
Harold J. Hughes, J.
The petition for a judgment annulling the respondent’s determination of December 18, 1986, which decided that petitioner’s retirement application was received by the Comptroller one day too late to permit him to be eligible for the early retirement incentive credit offered by his employer, and declaring that he is entitled to the benefit of Laws of 1986 (ch 177), will be granted, without costs. Laws of 1984 (ch 665) authorized employers participating in the New York State Retirement System to offer their employees an early retire *588 ment incentive program. The Tonawanda City School District decided to offer such a program, to be open for a 90-day period commencing on May 3, 1985. Those employees who opted to retire during the 90-day open period received a 6% increase in their retirement benefits, and the addition of three years to their service time.
Petitioner was the attorney for the school district with 17 years in the Retirement System. He decided to take advantage of the early retirement incentive and resigned from his position effective June 29, 1985. Section 3 (iv) of chapter 665 defines an eligible employee as one who "files an application for service retirement that is effective during the open period as specified by the participating employer” (emphasis supplied). The Comptroller has construed section 70 of the Retirement and Social Security Law as requiring that an application for retirement must be on file with the Retirement System for at least 30 days before it becomes "effective”. The last day of the 90-day open period of the school district’s retirement incentive program was July 31, 1985. To have an "effective” application for service retirement on file during the 90-day open period, an employee had to file his application for retirement benefits no later than July 1, 1985.
On June 28, 1985, petitioner mailed his application for retirement benefits by certified mail, return receipt requested, at the post office in the City of North Tonawanda, New York. It was stamped received by the Comptroller’s office on July 2, 1985. At that time, the Comptroller’s policy was that an application was "filed” upon receipt by his office, and not at the time the document was placed in the mail (see generally, Matter of Feinberg v Regan, 100 AD2d 711). Consequently, the Comptroller determined that the petitioner’s application was received one day too late for him to qualify for the early retirement incentive program, and so notified him. Petitioner requested an administrative hearing for a redetermination and the hearing was commenced on March 21, 1986, before Hearing Officer Morris Aarons. While the administrative proceeding was pending, Laws of 1986 (ch 177) was approved by the Governor on June 23, 1986. This bill, effective immediately, added a new section 19 to the Retirement and Social Security Law as follows: "Whenever a statute requires that a document be filed with the state comptroller, as administrative head of the New York state employees’ retirement system, within a prescribed period of time or by a specified date, and such document has been mailed to the comptroller or the *589 retirement system by United States Postal Service certified mail, return receipt requested, the document shall be deemed filed on the date of mailing. Notwithstanding this provision, no document shall be deemed filed on the date of mailing unless it is actually received by the retirement system as a result of such mailing.”
Under section 19, petitioner’s retirement application would be deemed filed on June 28, 1984, thus entitling him to participate in the retirement incentive program. Although Hearing Officer Aarons was aware of the enactment of section 19 prior to the issuance of his determination of December 18, 1986, and, in fact, cited the statute in a footnote to his opinion, he declined to apply the law.
The issue in this proceeding is whether the Hearing Officer acted arbitrarily, capriciously and illegally, by refusing to apply a remedial, procedural statute in a pending proceeding to a fact pattern that occurred prior to the enactment of the statute.
In Matter of Cady v County of Broome (87 AD2d 964-965) the Appellate Division stated the pertinent law as follows: "Legislation is generally construed as prospective only unless the language of the statute, either expressly or by necessary implication, requires retroactive application * * * There is an exception to this general rule for remedial statutes, which can be given retrospective application to the extent that it does not impair vested rights * * * 'Remedial statutes are those "designed to correct imperfections in prior law, by generally giving relief to the aggrieved party” ’ * * * While this exception does not apply to statutes creating new rights and remedies where none previously existed * * * where, as here, the amendment is enacted to rectify an inequity by extending existing benefits to a class of persons arbitrarily denied those benefits by the original legislation, the amendment is remedial and should be applied retrospectively * * * We also note that chapter 727 of the Laws of 1980 was made effective immediately, rather than having a postponed effective date which would have furnished 'critical and clear indicia of [legislative] intent’ that the statute was to have prospective effect only”.
Thus, when legislation is remedial, i.e., designed to correct injustices, and relates to procedure, it should be applied retrospectively to fact patterns arising prior to the enactment of the statute (Matter of Beary v City of Rye, 44 NY2d 398). Section 19 of the Retirement and Social Security Law is a *590 remedial statute that affects the procedure of how a retirement application is filed. Generally, whether a statute is to have retroactive effect is a question of legislative intent (Merrill v Ralston, 95 AD2d 177). On that score, the language and effective date of section 19 are so straightforward so as not to require any deference to the expertise or special competence of the Comptroller with respect to interpreting its retroactive application (Matter of Baker v Regan, 114 AD2d 187, 190, 191, affd 68 NY2d 335). The fact that section 19 is a procedural, remedial statute effective immediately upon the Governor’s signature leads the court to conclude that it is to be applied in proceedings not yet finally determined, to fact patterns that occurred prior to its enactment.
The Third Department has said that "[a]s a general rule, courts, including reviewing courts, are obligated to recognize and apply retroactive modifications of the laws involved in pending litigation” (Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment, 103 AD2d 453, 459, affd 67 NY2d 783). There is no good reason why an administrative Hearing Officer should not be held to the same standard. It is unreasonable, hence irrational, to deny a retiree his full benefit based upon a one-day delay in delivering a letter, caused by the inefficiency of the postal service, when there is a statute on the books making "filing” effective upon posting rather than delivery. It is not part of the function of the Comptroller and the Retirement System to deprive members of their benefits by being overtechnical in determining if every procedural requirement has been met. The retirement application process should not be a gauntlet designed to deprive the unwary of the fruits of their years of public service.