■ CHARLES KUTAS, Appellant, v NEW YORK STATE EMPLOY-EES' RETIREMENT SYSTEM, Respondent. CHARLES KUTAS, Appellant, v NEW YORK STATE, Respondent.—Judgment (denominated an order), Supreme Court, New York County (Elliott Wilk, J.), entered March 10, 1986, which dismissed plaintiff's action for a declaratory judgment, and order, Court of Claims (Frank S. Rossetti, J.), entered June 15, 1987, which, *inter alia,* granted defendant's motion for summary judgment based on lack of subject matter jurisdiction, unanimously affirmed, without costs.

The undisputed facts are as follows:

Plaintiff, Charles Kutas, was born on October 23, 1898. On November 18, 1971, at the age of 73, he was hired as a clerk by the New York State Department of Motor Vehicles. Believing that he would not be hired if his true age were known, he misrepresented his age as 57, listing his date of birth as October 23, 1914. Kutas was enrolled as a member of the New York State Employees' Retirement System, effective November 18, 1971, the commencement of his employment with the State. Kutas worked for the State for 10 years and applied for retirement benefits on October 21, 1981. A copy of plaintiff's birth certificate was submitted, as required, with his application. By letter dated January 22, 1982, defendant New York State Employees' Retirement System (hereinafter NYSERS) informed plaintiff that no benefit was payable because his retirement "would have been mandatory as soon as [he] joined the Retirement System and at that time there would be no benefit payable."

Plaintiff filed a request for a hearing and redetermination of the denial of his application. Following a hearing, the State Comptroller, pursuant to Retirement and Social Security Law § 74, affirmed the determination in a decision dated January 30, 1985, on the ground that plaintiff's misrepresentation of his age had vitiated any contract which existed between him and the Employees' Retirement System. The Comptroller ruled further that plaintiff was entitled to the return of any payments or contributions which he made to the Retirement System.

Thereafter, Kutas commenced a declaratory judgment action in the Supreme Court, New York County, seeking a judgment (1) that his right to a pension was contractual; (2) that Retirement and Social Security Law § 74 (d) violated NY Constitution, article V, § 7 to the extent it provided that a CPLR article 78 proceeding is the exclusive remedy by which to bring a pension claim against NYSERS; and (3) that plaintiff, in addition to, or instead of an article 78 proceeding, could bring a breach of contract action against NYSERS in the Court of Claims. At or about the same date of the commencement of the declaratory judgment action, Kutas commenced an article 78 proceeding in Albany County.

Plaintiff moved for summary judgment on the declaratory action and defendant cross-moved for summary judgment dismissing the action. In an order (judgment) entered March 10, 1986, the motion court dismissed the declaratory judgment action, stating that Retirement and Social Security Law § 74 (d) provided that the exclusive remedy for review of a final pension determination is a CPLR article 78 proceeding, that it was not persuaded that section 74 (d) was unconstitutional and that any contract claim against the State could be brought in the Court of Claims.

Plaintiff filed a claim for breach of the pension contract with the Court of Claims on or about March 20, 1986. Thereafter, plaintiff filed a motion for summary judgment and defendant cross-moved for summary judgment to dismiss the claim. The Court of Claims, in an order entered June 15, 1987, denied plaintiff's motion and granted defendant summary judgment to dismiss, based on lack of subject matter jurisdiction. Specifically, the Court of Claims noted that plaintiff's demand for a pension was to be determined exclusively by the Comptroller subject to judicial review in an article 78 proceeding. The Court of Claims stated further that if it reached the issue of whether plaintiff had a contractual right to a pension,

it would deny any relief because of plaintiff's fraud in misstating his age.

Retirement and Social Security Law § 74 (d) is clear in its requirement that an article 78 proceeding is the exclusive remedy for reviewing a determination by the Comptroller denying pension benefits. Plaintiff has already commenced such a proceeding in Albany County.

On appeal, plaintiff renews his constitutional challenge to Retirement and Social Security Law § 74 and argues the merits of his claim for pension benefits. Specifically, plaintiff contends that his right to receive pension benefits is a contractual right pursuant to NY Constitution, article V, § 7 and that Retirement and Social Security Law § 74 (d), in limiting plaintiff's remedy to an article 78 proceeding, constitutes a deprivation of "property rights" without due process of law by denying him the opportunity to litigate his claim for retirement benefits in a plenary contract action. Plaintiff bases his claim of a contractual right upon NY Constitution, article V, § 7 which states, in part, that "membership in any pension or retirement system of the state * * * shall be a contractual relationship, the benefits of which shall not be diminished or impaired."

Plaintiff further contends that since the facts are undisputed, this court should decide his entitlement to a pension. The Appellate Division may, where the record is sufficient, treat an improperly transferred article 78 proceeding as if it had properly come before it, and dispose of the issues raised therein (Matter of Schechter v New York State Employees' Retirement Sys., 62 AD2d 543, 544 [3d Dept 1978], affd 46 NY2d 983 [1979]). Similarly, CPLR 7804 (g) permits the Appellate Division to dispose of all the issues before it on appeal of an article 78 proceeding. The cases at bar, however, are neither appeals from nor transfers of article 78 proceedings. Rather, they are a consolidated appeal of a declaratory judgment action and a contract claim.

In view of the clear mandate of Retirement and Social Security Law § 74 (d), affirmance is warranted.

It should be noted that, apparently, plaintiff can now file for retirement benefits as the result of an amendment to section 530 of the Retirement and Social Security Law (L 1988, ch 524) which authorizes a person who has met all salary and credit requirements to file for benefits despite any mandatory retirement provisions. Thus, even though plaintiff had reached the mandatory retirement age at the time he began working,

he can still apply for benefits. Concur—Asch, J. P., Rosenberger, Ellerin and Smith, JJ. *[See,* 135 Misc 2d 1044.]