OPINION OF THE COURT
Francis T. Collins, J.
The motion of the claimant for an order pursuant to CPLR *880 3212 granting him summary judgment “ordering the Defendant, the State of New York, to recalculate the Claimant’s Retirement Incentive Cash Payments to include his years of active service at Buffalo State College when he was a member of the New York State Teachers’ Retirement System” or, in the alternative, to change the venue for the trial of this claim to the Buffalo District of the Court of Claims is denied. The cross motion of the defendant for an order pursuant to CPLR 3212 granting it summary judgment dismissing the claim for lack of merit is granted.
The claim alleges that claimant was employed as a “full-time faculty member by the State of New York at Buffalo State College”, a unit of the State University of New York, from September 1, 1960 until he elected to retire under the provisions of chapter 12 of the Laws of 1995 on June 30, 1995. Chapter 12 of the Laws of 1995 was enacted to provide an early retirement incentive for certain public employees. Section 6 (b) of chapter 12 of the Laws of 1995 provides that the retirement pay incentive for members of an optional retirement program is to be calculated as follows: “A participant in an optional retirement program who is entitled to a retirement incentive pursuant to section five of this act shall receive a cash payment in three equal installments payable two months, fourteen months and twenty-six months following the retirement date, which payment shall be calculated as follows: (one-twelfth for each year of service) multiplied by (fifteen percent) multiplied by (the employee’s earnable annual salary rate in effect on February 1, 1995), such amount not to exceed forty-five percent of such salary rate.”
Claimant was a member of the New York State Teachers’ Retirement System from September 1,1960 to January 1, 1965. Article 8-B of the Education Law (Education Law §§ 390-397)* provides an optional retirement program for eligible employees of the State University of New York (among others) which permits such employees to leave the Teachers’ Retirement System, a defined benefit pension plan, and join the Optional Retirement Program, a defined contribution plan. The Board of *881 Trustees of the State University of New York has designated the Teachers’ Insurance and Annuity Association and the College Retirement Equities Fund (hereafter TIAA/CREF) as the administrators of the Optional Retirement Program. TIAA/ CREF are New York not-for-profit corporations which provide annuities and retirement insurance to retired or current employees of universities, colleges and other organizations. The employers and employees pay contributions to TIAA/CREF which are invested during the years of employment in order to pay benefits upon retirement based upon accumulated contributions (see, Tompkins County Trust Co. v Gowin, 163 Misc 2d 418). Claimant joined the Optional Retirement Program on January 1, 1965 and remained a member until his retirement.
The Comptroller calculated the retirement incentive cash payment due to the members of the Optional Retirement Program who elected to participate under the provisions of chapter 12 of the Laws of 1995. At paragraph 4 of her affidavit of December 9, 1998, Penelope A. Parry, the Chief of Payroll Operations in the Bureau of Payroll Services in the Office of the State Comptroller, states: “In performing the above calculation with respect to both the 1995 and 1997 retirement incentive legislation, the Comptroller’s Office has always construed the term ‘years of service’ to mean the number of years that the employee was a member of the Optional Retirement Program, rather than the employee’s total years of state service.”
As a consequence, claimant’s retirement cash incentive was calculated based upon his years as a member of the Optional Retirement Program and excluded those years that he was a member of the New York State Teachers’ Retirement System. By letter dated August 26, 1996, the Assistant Vice Chancellor for Personnel of the State University of New York advised claimant as follows:
“Enclosed is the second payment from the early retirement incentive program for members of the Optional Retirement Program (ORP) which you participated in pursuant to Chapter 12 of the Laws of 1995.
“The enclosed check represents one third of your incentive payment, $6,834.44, less any required withholding. According to the Office of the State Comptroller (OSC), your incentive payment is subject to all applicable federal, state and local taxes. The Office of the State Comptroller was responsible for reviewing campus incentive calculations against official payroll records. It is important to note that OSC’s determination of *882 your total early retirement incentive amount was based on your total number of years of participation as a State University employee in the Optional Retirement Program (administered by TIAA/CREF), not on total years of qualifying service. Your incentive check is based on a total early retirement incentive amount of $20,503.31 (gross).” (Emphasis supplied.)
Claimant received his last payment on September 2, 1997. The claim was served and filed during November of 1997. Claimant contends that the Comptroller misconstrued section 6 (b) of chapter 12 of the Laws of 1995 by excluding his years as a member of the Teachers’ Retirement System in calculating his retirement incentive. The third affirmative defense in the answer asserts that this court lacks jurisdiction over the claim. In opposing claimant’s motion, defense counsel argues that this court lacks jurisdiction since the requested relief is only available through a CPLR article 78 proceeding in Supreme Court. The court agrees.
A determination made by the Comptroller in calculating retirement benefits is subject to review by an article 78 proceeding in Supreme Court (Matter of Corr v McCall, 202 AD2d 945). Especially so when the determination under review concerns the Comptroller’s interpretation of a statute (see, Matter of Ponterio v Regan, 137 Misc 2d 587). The Court of Claims lacks subject matter jurisdiction of a cause of action where the primary relief sought is obtainable in an article 78 proceeding, regardless of how a claimant characterizes his claim (Sidoti v State of New York, 115 AD2d 202). While this court recognizes that neither subdivision (9) of section 509 of the Education Law (see, Heslop v New York State Teachers’ Retirement Sys., 195 AD2d 851) nor Retirement and Social Security Law § 74 (see, Kutas v State of New York, 135 Misc 2d 1044, affd sub nom. Rutas v New York State Employees’ Retirement Sys., 146 AD2d 542, withdrawn as moot and vacated 148 AD2d 306) are specifically implicated herein, claimant is nonetheless seeking to annul a determination of the Comptroller in an area involving retirement benefits.
The question before the court is whether an individual challenging a determination regarding the computation of benefits to be paid under the early retirement incentive program enacted pursuant to chapter 12 of the Laws of 1995 should be provided a remedy different in kind from the exclusive article 78 relief provided members of the Teachers’ Retirement System in Education Law § 509 (9) and State Employees’ Retirement System members by Retirement and Social Security Law § 74 (d).
*883 Chapter 12 of the Laws of 1995 is a special law and. does not contain specific language regarding the manner in which any ambiguity regarding the interpretation of its language shall be resolved. It was not, however, enacted in a vacuum. It is incumbent upon this court to construe its provisions with reference to the preexisting statutory scheme established by the Legislature for resolving like disputes. In this regard, the Legislature is presumed to have acted with knowledge of earlier statutes addressing the same subject or matter (McKinney’s Cons Laws of NY, Book 1, Statutes § 221). In the area of public retirement or pension benefits the applicable law is set forth in the case of Matter of Schriro v New York State Teachers' Retirement Bd. (63 AD2d 751, 752) as follows: “Since the Legislature has enacted more than one related statute dealing with retirement benefits, they are said to be in pari materia and we must construe them together (McKinney’s Cons Laws of NY, Book 1, Statutes, § 221; see Baldine v Gomulka, 61 AD2d 419). Furthermore, the statutes must be applied harmoniously and consistently (Matter of Guardian Life Ins. Co. of Amer. v Chapman, 302 NY 226).”
Together, Education Law § 509 (9) and Retirement and Social Security Law § 74 (d) evince a clear legislative intendment that determinations regarding retirement eligibility and benefits shall be reviewable only as provided in CPLR article 78. In light of this statutory scheme, in place prior to the enactment of chapter 12 of the Laws of 1995, and construing said chapter consistently therewith, requires a holding that claimant’s exclusive remedy to challenge the computation of his early retirement incentive was an article 78 proceeding, a form of relief beyond the jurisdiction of this court (Matter of Rye Psychiatric Hosp. Ctr. v State of New York, 177 AD2d 834).
The defendant is entitled to summary judgment dismissing the claim for lack of subject matter jurisdiction.
In view of the granting of the cross motion the request for a change of venue has been rendered moot.

 In her affirmation of December 9, 1998, Assistant Attorney-General Belinda A. Wagner refers to Education Law §§ 391, 392 and 393 as applicable to claimant’s eligibility for retirement benefits without contradiction by claimant. Consequently, it will be deemed for the purposes of this motion and cross motion that claimant entered the Optional Retirement Program pursuant to article 8-B.