OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by granting respondent Perales’ motion to dismiss the petition as to him, and by granting respondent Krauskopf s motion to dismiss the petition to the extent that it pertains to the denial of petitioner’s application for a medical subsidy. As so modified, the order should be affirmed, with costs to petitioners.
We reject respondent Krauskopfs contention that the petition for the adoption maintenance subsidy should be dismissed as time barred under CPLR 217. The communication dated December 18, 1975 from the city Department of Social *734 Services to petitioners regarding their application for the maintenance subsidy was not a "final and binding” determination. The communication did not approve or disapprove that application but, rather, it implied that a final decision was being withheld pending receipt of additional information from petitioners (see, Matter of Martin v Ronan, 44 NY2d 374, 381; Matter of Castaways Motel v Schuyler, 24 NY2d 120, 126).
Nor can the final approval of Alicia’s adoption on September 1, 1976 — a determination in the separate adoption proceeding — be considered a "final and binding” determination of their maintenance subsidy request, thus triggering the CPLR 217 four-month limitation. The adoption decree did not purport to be a denial of the subsidy request, and petitioners were not in any way apprised of the Commissioner’s contention that the adoption decree had the legal effect of cutting off their rights to the subsidy (see, Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 358). Finally, because the approval of the adoption on September 1, 1976 was a determination favorable to petitioners in that proceeding, they could certainly not claim to have been "aggrieved” thereby (see, Matter of Martin v Ronan, supra, at p 381).
We agree with Special Term that nothing in Social Services Law former § 398 (6) (k) (repealed and replaced by Social Services Law §§ 450-458, L 1977, ch 865) restricted entitlement to an adoption subsidy for the benefit of children whose adoptions had not yet been approved. To the extent that the regulation (18 NYCRR former 450.7 [g]), now repealed, excluded from the class of beneficiaries all children already adopted, even where a preadoption application had been made, it contravened the statute and was invalid.
Respondent Krauskopfs motion to dismiss the CPLR article 78 proceeding pertaining to the medical subsidy allowance under Social Services Law § 454 should have been granted and that part of the petition dismissed. By its terms, section 454, which was added by Laws of 1977 (ch 865), applies only to children who have been adopted or placed out for adoption on or after the effective date of the statute (Nov. 9, 1977). The adoption in the instant case having occurred on September 1, 1976, petitioners had no right under the new statute to such an allowance.
Finally, respondent Perales’ motion to dismiss the CPLR article 78 proceeding should have been granted and the petition dismissed as to him. There is no question that petitioners’ application for the maintenance subsidy allowance was gov *735 erned by Social Services Law former § 398 (6) (k). Under this section there was no right for an aggrieved applicant to appeal a local determination to the State Social Services Department except in limited circumstances not applicable here.
Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur; Judge Kaye taking no part.
Order modified in accordance with the memorandum herein and, as so modified, affirmed, with costs to petitioners. Question certified answered in the negative.