■ In the Matter of GEORGE GROSS, as Commissioner of the New York City Human Resources Administration, et al., Respondents, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Appellants.— Judgment of the Supreme Court, New York County (Arthur Blyn, J.), entered August 29, 1986, which in this CPLR article 78 proceeding granted the petition of George Gross, as Commissioner of the New York City Human Resources Administration, and the City of New York to the extent, *inter alia,* that it found that respondent had acted arbitrarily and capriciously in applying a particular standard in its audit of the timeliness of the city's public assistance case closings and reductions and imposing upon the city a $20 million administrative penalty and which determined that the administrative penalty was null and void and directed respondents to restore the $20 million to the city, with interest from March 28, 1983, is modified, on the law, to the extent of vacating the award of interest, and the judgment is otherwise affirmed, without costs.

We affirm the judgment for the reasons stated below, except to vacate that portion of the judgment directing that as to the $20 million to be returned to the city, respondents must pay 9% interest as of March 29, 1983, the date the penalty was assessed. The right to interest is purely statutory. Under CPLR 7806, which specifies what relief may be granted in a judgment in a special proceeding, only restitution or damages which are incidental to the primary relief sought by the petitioner may be awarded.

The primary relief requested in this proceeding was a determination that respondent New York State Department of Social Services had acted arbitrarily and capriciously in applying a particular standard to its audit concerning the timeliness of petitioner's public assistance case closings and reductions. Incidental to that relief was a recovery of the penalty imposed on petitioner as a result of respondent's findings. Thus, a judgment awarding a return of that penalty was appropriate under CPLR 7806 as restitution incidental to the primary relief.

However, CPLR 7806 nowhere authorizes an award of interest under the circumstances presented. Concur—Sandler, J. P., Carro, Kassal, Ellerin and Wallach, JJ. *[See,* 130 Misc 2d 132.]