■ In the Matter of DOBY L. FLOWERS et al., Respondents, v CESAR A. PERALES, as Commissioner of Social Services of the State of New York, et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Leonard N. Cohen, J.), entered March 23, 1990, which granted the petition seeking declaratory relief and enjoined respondents from, *inter alia,* conducting a reaudit of petitioner's public assistance case closings and grant reductions for the period 1976-1980, imposed certain audit standards for the period 1976-1980 and 1986-1989, and denied the cross motion of respondents to dismiss the petition, unanimously modified, on the law and the facts, to adjudge and declare that the respondents are without authority to conduct a reaudit of public assistance case closings and grant reductions for the period 1976-1980 only to the extent that such reaudit would determine that the petitioner city is not in compliance with any applicable statute or regulation, or to impose a penalty for failure to comply with any applicable statute, regulation or internal departmental or agency rule; to delete from the fifth decretal paragraph (numbered "4") and the seventh decretal paragraph (numbered "6") the language "or any other audit standard not promulgated as a rule or regulation or adopted by statute"; and, to delete the award of interest from the eighth decretal paragraph (numbered "7"), and as so modified, the order and judgment is otherwise affirmed, without costs.

The history of this dispute between the New York City Human Resources Administration and the New York State Department of Social Services has been expounded upon at length in *Matter of Gross v Perales* (130 Misc 2d 132, *mod* 133 AD2d 37, *affd* 72 NY2d 231, *rearg denied* 72 NY2d 1042). With respect to the audit period of 1976-1980, the Court of Appeals has previously found the city to have been "in compliance with all applicable statutes and regulations" and that "[t]he

administrative penalty was assessed solely because the City failed to comply with unpromulgated, internal audit standards", which the city "had no legal duty to comply with". *(Matter of Gross v Perales,* 72 NY2d, *supra,* at 238.) We conclude, as did the IAS court, that the State has failed to demonstrate that its present more stringent standards were other than "unpromulgated, internal audit standards" and therefore do not constitute a basis upon which a penalty may be imposed pursuant to Social Services Law § 20 (3) (e). However, we find the injunctive relief granted to be overly broad with respect to respondents' internal audit standards for purposes other than the imposition of a penalty upon petitioner since such standards are not required to be promulgated as a departmental rule or regulation. (State Administrative Procedure Act § 102 [2] [b] [i]; *see, Matter of Krauskopf v Perales,* 139 AD2d 147, 150, *affd* 74 NY2d 730.) We note petitioner's concession that the award of interest was improper. Concur—Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.