(April 16, 1991)

■ In the Matter of KATHERINE PATRICK et al., Respondents, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, Respondent, and JAMES KRAUSKOPF, as Commissioner of the New York City Department of Social Services, Appellant.—Order, Supreme Court, New York County (Robert E. White, J.) entered June 29, 1989 which, awarded the petitioners-respondents pre-judgment interest on their successful claim for an adoption maintenance subsidy, and denied that part of the petition seeking a medical subsidy, unanimously modified, on the law, to vacate the award of interest on the amount awarded and otherwise affirmed, without costs.

The petitioners adopted Alicia, the adoptive child, on September 1, 1976. Prior thereto the petitioners applied for an adoption subsidy based on financial need. The New York City Department of Social Services recommended that the petitioners be granted the adoption subsidy in a Request For Authorization And Approval For Care And Services dated July 7, 1975. The petitioners' application was denied however, on December 18, 1975. Thereafter, in 1981, petitioners sought a medical subsidy pursuant to 18 NYCRR 450.7 (h).

The matter was eventually appealed to the Court of Appeals, which in a memorandum granted the State Department of Social Services' motion to dismiss the petition which sought the medical allowance subsidy pursuant to Social Services Law § 454 *(Matter of Patrick v Perales,* 67 NY2d 731). However, the Court determined that the petitioners were entitled to an adoption maintenance subsidy from the New York City

Department of Social Services, pursuant to Social Services Law § 398 (6) (k) (repealed and replaced by Social Services Law §§ 450-458; L 1977, ch 865), then in effect. *(Supra.)*

The petitioners are not entitled to interest on the amount awarded them by the Trial Court. "The right to interest is purely statutory. Under CPLR 7806, which specifies what relief may be granted in a judgment in a special proceeding, only restitution or damages which are incidental to the primary relief sought by the petitioner may be awarded" *(Matter of Gross v Perales,* 133 AD2d 37 [1st Dept 1987], *affd* 72 NY2d 231).

Petitioners' argument, advanced on their cross-appeal, concerning their entitlement to a medical subsidy pursuant to 18 NYCRR 450.7 (h) first applied for in 1981, has been reviewed and found to be without merit as the regulation was repealed four years prior to petitioners' 1981 application. Concur—Murphy, P. J., Carro, Kupferman and Smith, JJ.