■ In the Matter of ECONOMIC OPPORTUNITY COMMISSION OF NASSAU COUNTY, INC., Appellant, v GAIL S. SHAFFER, as Secretary of State of the State of New York, Respondent—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered June 29, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time barred.

Petitioner received Federal community services block grant funds pursuant to annual contracts entered into with respondent (see, Executive Law § 159-f [2]). It is averred that for Federal fiscal years 1983 and 1984, the State miscalculated

petitioner's funding level and, from on or about September 24, 1982 until commencement of this proceeding, respondent continuously and affirmatively led petitioner to believe that the error would be corrected through application of "discretionary funds" available in the community services block grant. Petitioner states that because respondent encouraged it to entertain the idea that the matter would be rectified and because any delay in its funding would endanger its ability to function, it signed the two contracts, one on September 24, 1982 and the other July 29, 1983, rather than resort to litigation.

In an October 11, 1983 letter to respondent, petitioner formally requested the funds it claimed were still due for 1983 and 1984. Respondent denied that request and defended its computations in a reply dated December 7, 1983. This CPLR article 78 proceeding was then initiated and, when Special Term granted respondent's motion to dismiss the petition for the reason that it was prohibited by the Statute of Limitations, this appeal followed.

Where, as in this instance, a party has no right to an administrative hearing, the limitations period of CPLR 217 "runs from the date the determination sought to be reviewed becomes final and binding" (Matter of De Milio v Borghard, 55 NY2d 216, 220; see, CPLR 217). Equally well established is the proposition that any ambiguity or uncertainty created by a public body respecting when its determination becomes final and binding is to be resolved against it (Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 358; Matter of Castaways Motel v Schuyler 24 NY2d 120, 126-127, adhered to on rearg 25 NY2d 692). Applying these settled principles, we conclude that this proceeding, initiated April 6, 1984, was not untimely.

Petitioner asserts, and it is not controverted, that respondent's encouraging dialogue, aimed at resolving the funding dispute, led it to accept that respondent would issue a favorable final decision in the matter. Assuming the veracity of petitioner's allegations in this regard, as we must for purposes of respondent's motion (see, Matter of Cabrini Med. Center v Axelrod, 107 AD2d 965, 966), it is apparent that respondent's representations created and instilled uncertainty and that no final decision was rendered until issuance of the explicit letter of December 7, 1983. As the article 78 proceeding was commenced within four months of that date, it was timely. The case of Board of Educ. v Ambach (49 NY2d 986, cert denied 449 US 874) does not call for a different conclusion, for in that case, unlike here, there was not any doubt as to when the

Department of Education's determination became final and binding.

Whether Special Term has subject matter jurisdiction over this case is also challenged by respondent, who charges that petitioner seeks essentially monetary damages from the State and, therefore, the Court of Claims is the exclusive forum. Petitioner does not, however, seek compensation for some wrongdoing by the State (see, Breen v Mortgage Commn., 285 NY 245, 431-432), but merely seeks to have respondent comply with the law by computing petitioner's allotment in accordance with Executive Law § 159-i. An article 78 proceeding in State Supreme Court is a proper vehicle for obtaining such relief (CPLR 7803 [3]; 7804 [b]; see, Health Care Plan v Bahou, 61 NY2d 814, 816-817; Board of Educ. v Ambach, supra, p 987).

Judgment reversed, on the law, without costs, and motion denied. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.