■ HARVARD FINANCIAL SERVICES, INC., Appellant, v STATE OF NEW YORK, Respondent. [698 NYS2d 84] —Yesawich Jr., J.

Appeal (transferred to this Court by order of the Appellate Division, First Department) from a judgment of the Court of Claims (McNamara, J.), entered January 8, 1999, which, *inter alia*, granted the State's motion for summary judgment dismissing the claim.

After Blake Business School, an educational institution located in New York City, ceased operations in 1997, claimant sought $382,322.55 from the State's Tuition Reimbursement Fund (*see*, Education Law § 5007) for "money disbursed to Blake for student installment notes purchased from the institution representing money owed by the students". When the State denied this request, claimant commenced this action in the Court of Claims. After discovery, the court granted the State's cross motion and dismissed the claim. This appeal followed.

We affirm, albeit for a reason not addressed by the Court of Claims, namely that it does not have subject matter jurisdiction to consider this dispute. Jurisdiction reposes in the Court of Claims where "the essential nature of the claim [against the State] is to recover money", but not where "monetary relief is incidental to the primary claim" (*Matter of Gross v Perales*, 72 NY2d 231, 236; *see, Ozanam Hall v State of New York*, 241 AD2d 670, 671; *see also*, Court of Claims Act § 9 [2]). Here, any pecuniary recovery by claimant is incidental given that the claim is essentially a challenge to the State Education Department's determination denying claimant reimbursement, a determination claimant should have challenged by commencement of a CPLR article 78 proceeding which "Supreme

Court unquestionably has * * * jurisdiction" over (*Matter of Gross v Perales, supra*, at 236; *see, Pauk v Board of Trustees*, 68 NY2d 702, 705).

And were we to reach the merits, we would conclude that the complaint was properly dismissed as claimant has neither an express nor an implied right of action. Education Law § 5007 (3) (a), which governs the reimbursement process, mandates that the student submit a formal application to the Fund. Claimant asserts that in addition to the student, a lender, such as it, may apply for a refund independently of the student. Claimant's argument rests upon Education Law § 5007 (5) (b), which provides that "[t]he repayment of any loans incurred by the student as part of the actual personal tuition expenditures shall be paid directly to the lender or the guarantee agency where appropriate". We are not persuaded that this provision creates for the lender an express right of action to recover from the Fund, for it is undeniably the student who is the intended beneficiary of Education Law § 5007. The undoubted purpose of the statutory scheme is to assist students financially harmed, as relevant here, by a school closing (Memorandum of State Executive Dept, 1990 McKinney's Session Laws of NY, at 2520). Significantly, it is the student who is authorized to initiate the reimbursement process by filing the refund application (*see*, Education Law § 5007 [3] [a]); lenders at best benefit peripherally.

Nor, after considering the statutory provisions and their legislative history, can we say that claimant has an implied private right of action (*see, Carrier v Salvation Army*, 88 NY2d 298, 302; *Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*, 76 NY2d 207, 211). Such a right exists provided it can be demonstrated that (1) the claimant is one of the class for whose benefit the statute was enacted, (2) recognition of a private right of action would advance the legislative purpose, and (3) the private right of action is consistent with the legislative scheme (*see, Mark G. v Sabol*, 93 NY2d 710; *McDonald v Cook*, 252 AD2d 302, 304, *lv denied* 93 NY2d 812). With regard to the first prong of this test, it is clear, as already noted, that the Legislature intended that the students—not the lender—benefit from the creation of the Fund. And, given our previous conclusion that the Legislature expressly granted a right of action only to the students, the third prong of the analysis is not satisfied, as it would directly contradict the legislative scheme.

Finally, we have considered claimant's remaining argument and find it to be without merit.

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.