■ CARL F. GUY, as Trustee of a Trust Created by EDMOND T. BENNETT et al., Appellant, v STATE OF NEW YORK, Respondent. [794 NYS2d 503]—

Cardona, P.J. Appeal from a judgment of the Court of Claims (Sise, J.), entered January 7, 2004, which granted defendant's motion to dismiss the claim for lack of subject matter jurisdiction.

In October 1996, Edmond T. Bennett and his wife established an irrevocable trust with proceeds from the sale of two boats, along with other assets, for the benefit of their grandchildren. Thereafter, the proceeds were put into an escrow account at Key Bank, apparently as a precautionary measure due to Bennett's involvement with various corporations that had filed for bankruptcy. In June 1997, the Department of Taxation and Finance filed a tax warrant against Bennett in Onondaga County. Thereafter, in February 2001, the Department delivered a $45,224.83 tax compliance levy to Key Bank in Bennett's name. In satisfaction of the levy, Key Bank paid the Department with funds from the escrow account containing the trust moneys.

In June 2002, claimant, the trustee, filed a claim alleging that the Department mistook the account containing trust proceeds for an account containing personal assets of Bennett and wrongfully seized the money. Claimant's ad damnum clause asserted that the tax levy should be adjudged void and canceled, the moneys refunded to claimant, and a declaratory judgment entered determining that the trust moneys are not subject to the levy. The claim was dismissed by the Court of Claims (Collins, J.), for lack of subject matter jurisdiction. Thereafter, claimant filed the instant claim asserting the same cause of action, however, the ad damnum clause only asked for a money

judgment, with claimant specifically asserting that the claim was not for equitable relief. Again, the Court of Claims (Sise, J.), granted defendant's motion to dismiss the claim for lack of subject matter jurisdiction, prompting this appeal.

We find that the claim was properly dismissed. While "[j]urisdiction reposes in the Court of Claims where 'the essential nature of the claim [against defendant] is to recover money', [it does not lie] where 'monetary relief is incidental to the primary claim' " (*Harvard Fin. Servs. v State of New York*, 266 AD2d 685, 685 [1999], quoting *Matter of Gross v Perales*, 72 NY2d 231, 236 [1988]; *see Madura v State of New York*, 12 AD3d 759, 760-761 [2004], *lv denied* 4 NY3d 704 [2005]; *Ozanam Hall of Queens Nursing Home v State of New York*, 241 AD2d 670, 671 [1997]; *see also* Court of Claims Act §§ 8, 9 [2]). Here, a plain reading of the claim reveals that claimant is seeking annulment of the Department's administrative determinations which resulted in the issuance of a tax compliance levy and the refusal to return the money to claimant. This is "a quintessential example of a dispute governed under CPLR article 78" (*Madura v State of New York, supra* at 761) and it is well settled that "[t]he Court of Claims lacks subject matter jurisdiction of a cause of action where the primary relief sought is obtainable in an article 78 proceeding, regardless of how a claimant characterizes his [or her] claim" (*Young v State of New York*, 179 Misc 2d 879, 882 [1999]; *see Harvard Fin. Servs. v State of New York, supra* at 685-686). Thus, under the circumstances herein, we must conclude that the Court of Claims properly determined that it did not have subject matter jurisdiction.

The remaining arguments advanced by claimant have been examined and found to be either unpersuasive or rendered academic due to the dismissal of the underlying claim.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.