VICTORIA HOFFMAN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 109024.) [839 NYS2d 321]—

Crew III, J.P. Appeal from an order of the Court of Claims (Collins, J.), entered April 6, 2006, which, sua sponte, dismissed the claim for lack of subject matter jurisdiction.

Claimant, an intensive case manager with the Office of Mental Health at Elmira Psychiatric Center in Chemung County, was served with a notice of discipline seeking her termination and was suspended while the matter was pending. Claimant thereafter filed a timely grievance and demand for arbitration contesting the disciplinary charges. Prior to the scheduled arbitration, the parties entered into a written stipulation of settlement whereby, among other things, it was agreed that claimant would be "made whole for all back pay, leave and other benefits for the entire period of her suspension." Defendant, through the Comptroller's office, subsequently provided claimant with a check for the back pay owed to her minus the unemployment insurance benefits that she had received during her period of suspension. In response, claimant commenced this action in the Court of Claims seeking to recover the amount of unemployment insurance benefits that were deducted from her back pay. Claimant then moved and defendant cross-moved for summary judgment, prompting the Court of Claims to, sua sponte, dismiss the claim for lack of subject matter jurisdiction. Claimant now appeals.

We affirm. To determine if the Court of Claims has subject matter jurisdiction, "the threshold question is [w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim" (*Madura v State of New York*, 12 AD3d 759, 760 [2004], *lv denied* 4 NY3d 704 [2005] [internal quotation marks and citation omitted]). Here, although claimant contends that her claim is for breach of contract, our review of the record indicates that she primarily is seeking to annul the Comptroller's administrative decision to issue a check that deducted the amount of unemployment insurance benefits from her back pay. Plainly, any monetary recovery would be incidental to that determination. Inasmuch as "[t]his is a quintessential example of a dispute governed under CPLR article 78" (*id.* at 761) and the Court of Claims has no subject matter jurisdiction over this type of dispute (*see Guy v State of New York*, 18 AD3d 936, 937 [2005]), we find that the claim was properly dismissed.

Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.