OPINION OF THE COURT
Frank P. Milano, J.
Defendant moves to dismiss the claim on the ground that the court lacks subject matter jurisdiction.
In particular, defendant argues that adjudication of the claim would necessarily require review of an administrative determination of a state agency which is only permissible in a CPLR article 78 proceeding brought in Supreme Court. Claimant Pinnacle Bus Service, Inc. opposes the motion, asserting that the claim is based on the “negligent action and/or inaction by the Department of Motor Vehicles” and that no “administrative decision was ever issued in this matter.”
The pertinent facts underlying the motion are not disputed. On June 26, 2003, the New York State Department of Motor Vehicles (DMV) issued an administrative determination against Gala Bus Lines, Ltd. after a hearing. The hearing concerned allegations that Gala had committed numerous violations of article 19-A of the Vehicle and Traffic Law involving mandated background investigations of drivers employed by Gala to transport New York City prekindergarten school children. The hearing resulted in a finding of more than 160 violations by Gala. The hearing determination imposed a fine of $80,000 and a 90-day suspension of the “registrations for vehicles [buses] listed to the respondent.”
On or about August 18, 2003, enforcement of the determination was stayed, pending an administrative appeal, as a result of an article 78 proceeding commenced by Gala (claimant’s exhibit E). During October of 2003, Gala sold and/or assigned the leases of several of the buses affected by the determination to Pinnacle. Pinnacle registered the buses in its name and DMV issued new certificates of title for the buses to Pinnacle.
On December 1, 2003, Gala’s DMV administrative appeal was dismissed and on December 5, 2003 the registration suspension order was reissued with an effective date of December 15, 2003 *1000 (claimant’s exhibit E). Between January and December of 2004, Gala and DMV engaged in settlement discussions concerning the $80,000 fine. In mid-December of 2004, Gala’s attorney stopped returning DMV’s telephone calls (claimant’s exhibit E).
In late December of 2004, DMV made an administrative determination, pursuant to Vehicle and Traffic Law § 509-j (g), to deny renewal of the registrations of the buses obtained by Pinnacle from Gala which had been the subject of the DMV-Gala determination.
DMV made this determination, without a hearing, based upon its belief that the October 2003 bus transfer from Gala to Pinnacle was made in order to avoid compliance with the DMV-Gala determination of June 26, 2003 and in particular to avoid payment of the $80,000 fine (claimant’s exhibit E; defendant’s exhibits D, E).
Faced with the prospect of not being able to lawfully deploy enough buses to satisfy its contracts with the New York City Department of Transportation, Pinnacle paid the $80,000 fine on December 31, 2004 and thereafter commenced this action to recover $80,000 in damages from defendant.
The claim, in paragraphs 8 through 11, contains the following allegations with respect to defendant’s purported liability:
“8. The DMV negligently failed to conduct a proper review of the aforementioned situation; had they performed their duty properly, they would have determined that Pinnacle and Gala were separate entities, recognized that Gala’s interest in the vehicles had been transferred and would have allowed Pinnacle to renew the registrations without paying the fine.
“9. Furthermore, had the DMV timely perfected liens or issued registration suspensions against the vehicles in connection with the aforementioned case number, Pinnacle would have had notice of the fines and suspensions, the new vehicle registrations and vehicle titles would not have been issued in Pinnacle’s name and Pinnacle would not have consummated their agreement with Gala.
“10. The DMV’s negligent record keeping allowed the agreement between Gala and Pinnacle to be consummated and Pinnacle suffered substantial financial loss as a result.
“11. Finally, Pinnacle was denied any hearing on *1001 the matter and due process requires such.”
In City of New York v State of New York (46 AD3d 1168, 1169-1170 [3d Dept 2007]), the court explains that:
“Two inquiries must be made to determine if the Court of Claims has subject matter jurisdiction. As that court has ‘no jurisdiction to grant strictly equitable relief’ (Psaty v Duryea, 306 NY 413, 416 [1954]), but may grant incidental equitable relief so long as the primary claim seeks to recover money damages in appropriation, contract or tort cases (see Ozanam Hall of Queens Nursing Home v State of New York, 241 AD2d 670, 671 [1997]), ‘the threshold question is “[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim” ’ (Madura v State of New York, 12 AD3d 759, 760 [2004], Iv denied 4 NY3d 704 [2005], quoting Matter of Gross v Perales, 72 NY2d 231, 236 [1988]). The second inquiry, regardless of how a claimant categorizes a claim, is whether the claim would require review of an administrative agency’s determination — which the Court of Claims has no subject matter jurisdiction to entertain (see Hoffman v State of New York, 42 AD3d 641, 642 [2007]), as review of such determinations are properly brought only in Supreme Court in a CPLR article 78 proceeding (see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757 [1991]).”
The law is also clear that
“[a] public employee’s discretionary acts — meaning conduct involving the exercise of reasoned judgment — may not result in the municipality’s liability even when the conduct is negligent. By contrast, ministerial acts — meaning conduct requiring adherence to a governing rule, with a compulsory result— may subject the municipal employer to liability for negligence” (Lauer v City of New York, 95 NY2d 95, 99 [2000]).
There is no question that Vehicle and Traffic Law § 509-j (g) provided the Commissioner of Motor Vehicles with the discretionary authority to deny renewal of the registrations at issue:
“Upon the suspension of a vehicle registration pursuant to subdivision (d) or (e) of this section, the commissioner shall have the authority to deny a registration or renewal application to any other *1002 person for the same vehicle and may deny a registration or renewal application for any other motor vehicle registered in the name of the applicant where the commissioner has reasonable grounds to believe that such registration or renewal will have the effect of defeating the purposes of this article.”
The statute does not require a hearing prior to the Commissioner denying registration or renewal.
In order to award Pinnacle damages of $80,000 (representing the administrative fine) the court would necessarily have to review and annul the discretionary determination of the Commissioner of Motor Vehicles to deny renewal of the subject registrations until the DMV-Gala fine was paid.
The essence of the claim is a complaint about the administrative actions or inactions of a state agency. The claim alleges DMV’s failure to conduct a “proper review,” and a failure of the agency to perform its “duty properly.” It further alleges that DMV was under some statutory or regulatory duty, without identifying the source of this duty, to “timely” perfect liens or issue registration suspensions. Pinnacle also claims to have been denied a hearing in violation of due process.
Contrary to the assertion of claimant’s counsel, these questions are properly raised in an article 78 proceeding:
“§ 7803. Questions raised.
“The only questions that may be raised in a proceeding under this article are:
“1. whether the body or officer failed to perform a duty enjoined upon it by law; or “2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
“3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed . . . ."
Necessary to its recovery of $80,000, Pinnacle seeks to have this court rule that the Commissioner’s determination made pursuant to Vehicle and Traffic Law § 509-j (g) was “arbitrary and capricious or an abuse of discretion” and made “in violation of lawful procedure.” The court lacks the subject matter jurisdiction to do so.
*1003 Although Pinnacle urges that article 78 is unavailable since “no [written] administrative decision was ever issued,” the law states otherwise. An agency determination need not be in writing in order to be reviewed pursuant to article 78 (Matter of Hill Park Health Care Ctr., Inc. v Novello, 12 AD3d 1010 [3d Dept 2004]).
Similarly, the fact that the determination was made without a hearing does not preclude an article 78 review. The only article 78 ground which requires that an administrative hearing precede judicial review is found at CPLR 7803 (4): “[W]hether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.”
The case cited by Pinnacle in support of subject matter jurisdiction over the claim in the Court of Claims, Lobel Fin. Corp. v State of New York (8 Misc 3d 662 [Ct Cl 2005]), is inapplicable. In Lobel, the Commissioner of Motor Vehicles, in his discretion (see Vehicle and Traffic Law § 2107), issued a certificate of title which reflected claimant’s lien against the vehicle’s title. In thereafter issuing a replacement title, the Commissioner inexplicably failed to include claimant’s lien. This was clearly a negligent ministerial act since DMV had no discretion to omit claimant’s lien from the replacement title.
Although the claim alleges “negligent record keeping” by the defendant, Pinnacle has identified no mandated ministerial duty with respect to “record keeping” allegedly breached by defendant. Further, claimant’s exhibit E shows that the DMV was stayed from enforcing the DMV-Gala determination (in particular, suspending the relevant registrations) at the time Pinnacle purchased the buses from Gala.
Pinnacle essentially challenges the administrative policies and practices of the Department of Motor Vehicles. The appropriate remedy is not a Court of Claims action for money damages but “a CPLR article 78 proceeding in Supreme Court” (Matter of Rye Psychiatric Hosp. Ctr. v State of New York, 177 AD2d 834, 835 [3d Dept 1991], Iv denied 80 NY2d 751 [1992]).
The Court of Claims is a court of limited jurisdiction and the powers conferred upon it do not include the authority to provide the type of equitable relief requested by claimant (see Madura v State of New York, 12 AD3d 759, 760 [3d Dept 2004], Iv denied 4 NY3d 704 [2005]). The jurisdiction of the Court of Claims is invoked where money damages are the essential object of the claim, unlike an instance where the principal claim is equitable *1004 in nature (such as a challenge to the administrative actions and policies of a state agency), with monetary relief being incidental to the principal claim (see Harvard Fin. Servs. v State of New York, 266 AD2d 685 [3d Dept 1999]; Matter of Gross v Perales, 72 NY2d 231, 236 [1988]).
For all of the foregoing reasons, defendant’s motion to dismiss the claim is granted. The claim is dismissed.