■ In the Matter of ABDULLAH Y. SALAHUDDIN, Appellant, v SUSAN CONNELL, as Superintendent of Oneida Correctional Facility, Respondent. [861 NYS2d 858]—

Appeal from a judgment of the Supreme Court (Hard, J.), entered November 30, 2007 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner, who was then an inmate at the Oneida Correctional Facility in Oneida County, commenced this proceeding pursuant to CPLR article 78 seeking annulment of respondent's determination that he was not entitled to back pay in the amount of $12.25 for work he was compelled to perform without pay in violation of Department of Correctional Services Directive No. 4802 (D) (2). Prior to answering, respondent moved to dismiss contending that Supreme Court lacked subject matter jurisdiction. Supreme Court granted respondent's motion, finding that petitioner's claim was for monetary relief and, hence, must be brought in the Court of Claims. This appeal by petitioner ensued.

Although "[j]urisdiction reposes in the Court of Claims where the essential nature of the claim [against the state] is to recover money, [it does not lie] where monetary relief is incidental to the primary claim" (*Guy v State of New York*, 18 AD3d 936, 937 [2005] [internal quotation marks and citations omitted]). Here, our inquiry distills to " '[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim' " (*Madura v State of New York*, 12 AD3d 759, 760 [2004], *lv denied* 4 NY3d 704 [2005], quoting *Matter of Gross v Perales*, 72 NY2d 231, 236 [1988]; *see Hoffman v State of New York*, 42 AD3d 641, 642 [2007]). Beyond that, we must ascertain whether the underlying claim, regardless of how it has been characterized, "would require review of an administrative agency's determination—which the Court of Claims has no subject matter jurisdiction to entertain" (*City of New York v State of New York*, 46 AD3d 1168, 1169 [2007], *lv denied* 10 NY3d 705 [2008]).

While petitioner seeks to recover $12.25 in back pay, the petition plainly challenges the denial of petitioner's grievance and

respondent's purported failure to abide by departmental directives. Whether petitioner ultimately will be entitled to the incidental monetary relief he seeks cannot be ascertained without reviewing the underlying administrative determination, which "is a quintessential example of a dispute governed under CPLR article 78" (*Hoffman v State of New York*, 42 AD3d at 642 [internal quotation marks and citation omitted]; *see Guy v State of New York*, 18 AD3d at 937). Accordingly, we conclude that Supreme Court erred in finding that it lacked subject matter jurisdiction.

Respondent argues, in the alternative, that this Court should dismiss the petition upon the ground that the denial of petitioner's grievance was rational. Inasmuch as a portion of the record appears to have been omitted and respondent has yet to file an answer, we decline respondent's invitation to dismiss the petition on the merits at this juncture.

Cardona, P.J., Mercure, Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.