■ In the Matter of NORTHERN MANOR MULTICARE CENTER, INC., Appellant, v RICHARD F. DAINES et al., Respondents. [888 NYS2d 422]—

In a purported proceeding pursuant to CPLR article 78 to review five determinations of the respondent New York State

Department of Health, all seeking reimbursement from the petitioner of alleged overpayment of Medicaid funds, which was, in actuality, an action to enforce a stipulation of settlement and to recover damages for the breach thereof, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Berliner, J.), dated December 16, 2008, which granted the respondents' motion, in effect, to dismiss the purported proceeding for lack of subject matter jurisdiction pursuant to CPLR 3211 (a) (2).

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the Supreme Court did not err in dismissing the purported proceeding. It is not, as the petitioner contends, a proceeding whose main thrust is to overturn a rate determination by the respondents. Rather, the essential nature of the petitioner's claim is to enforce a stipulation of settlement it made with the respondents and to recover damages for the breach thereof. Accordingly, it is in the nature of a breach of contract claim and should have been brought in the Court of Claims (*see Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 7 [1997]; *Matter of Gross v Perales*, 72 NY2d 231, 235 [1988]; *cf. Hoffman v State of New York*, 42 AD3d 641 [2007]).

In light of our determination, the petitioner's remaining contentions either are academic or need not be reached. Rivera, J.P., Florio, Miller and Hall, JJ., concur.