■ WALTER E. CARVER, Individually and on Behalf of Those Similarly Situated, Appellant, v STATE OF NEW YORK, Respondent. [913 NYS2d 395]—

Kavanagh, J. Appeal from an order of the Court of Claims (Collins, J.), entered May 20, 2009, which granted defendant's motion to dismiss the claim.

From September 1997 through March 2000, claimant was a participant in defendant's Work Experience Program (hereinafter WEP) (*see* Social Services Law § 336)[1] and, during that time, he received public assistance benefits in the amount of $10,736. In August 2007, claimant won a $10,000 prize in the New York State Lottery. Shortly thereafter, the Office of Temporary and Disability Assistance (hereinafter OTDA) notified claimant that it was entitled to intercept 50% of this prize to recover for public assistance it paid him during the past 10 years and $5,000 was withheld from the proceeds of claimant's winning ticket (*see* Social Services Law § 131-r; *see also* Tax Law § 1613-b).[2] Through his attorney, claimant challenged OTDA's decision to withhold the money and, after OTDA refused to return it, he commenced this action in the Court of Claims on behalf of himself and other WEP workers similarly situated claiming breach of contract, consumer fraud, constitutional tort and violations of state and federal minimum wage laws, as well as the NY and US Constitutions.[3] Defendant moved to dismiss the

1. Social Services Law § 336 provides, in relevant part, that "Social Services districts may provide, and require applicants for and recipients of public assistance to participate in a variety of activities, including but not limited to the following: (a) unsubsidized employment; (b) subsidized private sector employment; (c) subsidized public sector employment; (d) work experience in the public sector or non-profit sector . . . ; (e) On-the-job training."

2. Social Services Law § 131-r provides that "[a]ny person who is receiving or has received, within the previous ten years, public assistance pursuant to the provisions of this article, and who wins a lottery prize of six hundred dollars or more shall reimburse the department from the winnings, for all such public assistance benefits paid to such person during the previous ten years; provided, however, that such crediting to the department shall in no event exceed fifty percent of the amount of the lottery prize."

3. The CPLR article 78 proceeding commenced by plaintiff challenging the determinations of OTDA was dismissed and the appeal of that decision is

claim alleging, among other things, that the Court of Claims lacked subject matter jurisdiction. The court agreed and dismissed the claim, prompting this appeal.

We agree with the Court of Claims that since its jurisdiction is limited to claims for money damages against defendant, it did not have subject matter jurisdiction over this claim and properly granted defendant's motion to dismiss (see NY Const, art VI, § 9; Court of Claims Act §§ 8, 9). "[T]he threshold question in determining the subject matter jurisdiction of the Court of Claims is [w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim. The second inquiry, regardless of how a claimant categorizes a claim, is whether the claim would require review of an administrative agency's determination—which the Court of Claims has no subject matter jurisdiction to entertain" (Buonanotte v New York State Off. of Alcoholism & Substance Abuse Servs., 60 AD3d 1142, 1143 [2009], lv denied 12 NY3d 712 [2009] [internal quotation marks and citations omitted]; see Matter of Helgason v New York State Div. of Hous. & Community Renewal, 66 AD3d 490 [2009], appeal dismissed and lv denied 14 NY3d 764 [2010]; Matter of Salahuddin v Connell, 53 AD3d 898, 899 [2008]). Here, claimant alleges that the decision to withhold a portion of the lottery prize triggered a violation of state and federal minimum wage laws since the public assistance he received was, in fact, payment for work he performed in the WEP. Claimant argues that by applying a portion of his lottery prize to set off the payments he received in this program, he, in effect, would have been paid less than the minimum wage for the services he provided under this program. OTDA responded that under Social Services Law § 336, "[w]ork experience is not 'employment' and the amount of public assistance an individual receives" does not constitute payment of "wages" for services rendered.

Initially, we note that claimant, by arguing that this determination by ODTA was in error, was seeking a review by the Court of Claims of an administrative determination. The Court of Claims does not have subject matter jurisdiction over such claims and defendant's motion to dismiss was properly granted (see Hoffman v State of New York, 42 AD3d 641, 642 [2007]; Guy v State of New York, 18 AD3d 936, 937 [2005]). Moreover,

pending (Carver v State of New York, 24 Misc 3d 602 [2009]). He also commenced a federal action which was dismissed based on a lack of standing (Carver v City of New York, 2009 WL 909771, *5, 2009 US Dist LEXIS 27496, *14 [ED NY 2009]). On appeal, however, his minimum wage claim against New York City was reinstated (Carver v City of New York, 621 F3d 221 [2010]).

we agree with the Court of Claims that dismissal of the constitutional tort claims made by claimant was appropriate. Where, as here, an alternative avenue of relief is available—such as a declaratory judgment action or CPLR article 78 proceeding—a claim based upon a constitutional tort will not lie (*see Martinez v City of Schenectady*, 97 NY2d 78, 83 [2001]; *Shelton v New York State Liq. Auth.*, 61 AD3d 1145, 1150 [2009]). Finally, the Court of Claims has no jurisdiction over claims alleging violations of the US Constitution (*see Lyles v State of New York*, 2 AD3d 694, 696 [2003], *affd* 3 NY3d 396 [2004]).

Cardona, P.J., Peters, Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.