# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1426**
**CA 11-00437**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

SHAWN GREEN, CLAIMANT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 112892.)

---

SHAWN GREEN, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered January 15, 2010. The order denied the motion of claimant for summary judgment, granted the cross motion of defendant for summary judgment and dismissed the claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Claimant, a prisoner incarcerated at the Elmira Correctional Facility, filed a claim that sought damages "due to various improprieties imposed upon him via disciplinary actions." The Court of Claims denied claimant's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the claim. The court determined, inter alia, that defendant's employees acted within the scope of their authority and followed applicable rules, and thus were therefore entitled to absolute immunity. Although claimant contends on appeal that the court erred in denying his motion, we note that defendant, as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546), contends on appeal that the claim should have been dismissed because the court lacked subject matter jurisdiction. We agree. Although defendant did not raise that contention in support of its cross motion and thus failed to preserve it for our review (*cf. id.*), we note that a question of subject matter jurisdiction may be raised at any time (*see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718; *Moulden v White*, 49 AD3d 1250, 1250-1251).

In determining whether the Court of Claims has subject matter jurisdiction over a claim, the initial question is "[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim" (*Matter of Gross v Perales*, 72 NY2d 231, 236, *rearg denied* 72 NY2d 1042; *see Buonanotte v*

*New York State Off. of Alcoholism & Substance Abuse Servs.*, 60 AD3d 1142, 1144, *lv denied* 12 NY3d 712; *Sarbro IX v State of N.Y. Off. of Gen. Servs.*, 229 AD2d 910, 911). Regardless of how a claim is characterized, one that requires, as a threshold matter, the review of an administrative agency's determination falls outside the subject matter jurisdiction of the Court of Claims (*see Gross*, 72 NY2d at 236; *Buonanotte*, 60 AD3d at 1143-1144; *Matter of Salahuddin v Connell*, 53 AD3d 898, 899). Although claimant characterized his claim as one for money damages, upon our review of the record we conclude that adjudication of his claim requires review of the underlying administrative determination, over which the Court of Claims lacks subject matter jurisdiction (*see Salahuddin*, 53 AD3d at 899; *Lublin v State of New York*, 135 Misc 2d 419, *affd* 135 AD2d 1155, *lv denied* 71 NY2d 802; *see generally Gross*, 72 NY2d at 236).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court