■ CARLTON WALKER, Appellant, v STATE OF NEW YORK, Respondent. [58 NYS3d 602]—

Rose, J. Appeal from an order of the Court of Claims (Hard, J.), entered June 8, 2016, which, among other things, granted defendant's motion to dismiss the claim.

In 1985, claimant was convicted following a jury trial of a number of crimes, the most serious of which was murder in the second degree, and he was sentenced to an aggregate term of 25 years to life in prison. His conviction was later affirmed on appeal (*People v Walker*, 143 AD2d 784 [1988], *lvs denied* 73 NY2d 984, 1023 [1989]). In 1994 and 1996, he made applications to the Appellate Division, Second Department for a writ of error coram nobis, but his applications were denied (*People v Walker*, 226 AD2d 749 [1996], *lv dismissed* 88 NY2d 887 [1996], *cert denied* 519 US 844 [1996]; *People v Walker*, 205 AD2d 716 [1994], *lv dismissed* 84 NY2d 834 [1994]). In 2014, he made a third such application, which the Second Department treated as a motion to reargue his earlier applications and then denied.[1] Claimant sought leave to appeal this order to the Court of Appeals, but his application was dismissed and his motion to reargue the leave application was denied.[2]

In December 2014, claimant filed a claim against defendant, emanating from his criminal conviction and the denial of his coram nobis applications, seeking damages in the amount of $300,000,000. Defendant moved to dismiss the claim for lack of subject matter jurisdiction and failure to state a cause of action. Claimant, in turn, filed an amended claim and defendant made a second motion to dismiss. The Court of Claims, among other things, granted defendant's initial motion and dismissed the claim. Claimant now appeals.

The causes of action alleged in the claim stem from claimant's assertion of innocence and purported deficiencies in the processing of his coram nobis applications and application for leave to appeal to the Court of Appeals, as well as alleged errors committed by certain judges, which he maintains deprived him of his constitutional rights. Claimant's request for

1. His subsequent motion for reargument with respect to this ruling was also denied.

2. Petitioner subsequently commenced a CPLR article 78 proceeding seeking to challenge, among other things, the constitutionality of the procedures for seeking coram nobis relief, which was unsuccessful (*Matter of Walker v Lippman*, 145 AD3d 1330 [2016], *appeal dismissed* 29 NY3d 981 [2017]).

monetary damages is clearly incidental, as the claim does not allege the manner in which such damages are related to the alleged constitutional violations (*see Matter of Gross v Perales*, 72 NY2d 231, 236 [1988]; *Green v State of New York*, 90 AD3d 1577, 1578 [2011], *lv dismissed and denied* 18 NY3d 901 [2012]; *Madura v State of New York*, 12 AD3d 759, 760 [2004], *lv denied* 4 NY3d 704 [2005]). Accordingly, the Court of Claims is without subject matter jurisdiction to decide the claim (*see Jackson v State of New York*, 139 AD3d 1293, 1294 [2016]; *Matter of Salahuddin v Connell*, 53 AD3d 898, 899 [2008]). Moreover, although claimant has asserted a cause of action for unjust conviction under Court of Claims Act § 8-b, he has not provided documentary evidence establishing the necessary elements, i.e., that he was pardoned or that his conviction was reversed, as required by the statute (*see* Court of Claims Act § 8-b [3] [b]). Furthermore, to the extent that claimant has asserted causes of action against individual judges arising from the performance of their official duties, these causes of action are barred by the doctrine of judicial immunity (*see Best v State of New York*, 116 AD3d 1198, 1199 [2014]; *Harley v State of New York*, 186 AD2d 324, 324-325 [1992], *appeal dismissed* 81 NY2d 781 [1993]). We have considered claimant's remaining contentions and find them to be unpersuasive. In view of the foregoing, the claim was properly dismissed.

Garry, J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.